UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN RE: THE STATION FIRE IN
WEST WARWICK, RHODE ISLAND
ON FEBRUARY 20, 2003

M.P. NO. 03-1326

MISC 03 070

## JOINT NOTICE FOR REMOVAL

McLaughlin & Moran, Inc., Anheuser-Busch, Inc. and Clear Channel Broadcasting, Inc. (the "Removing Parties") by their undersigned attorneys, hereby give Notice of Removal of this action to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1369, 28 U.S.C. § 1441(e), and 28 U.S.C. § 1446. In support thereof, the Removing Parties state as follows:

## INTRODUCTION

1. On November 2, 2002, Congress enacted the Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA") to expand the original jurisdiction of federal courts to include mass disaster litigation that involved 75 or more deaths. Congress had learned from prior experience that traditional diversity jurisdiction could not provide a "just, speedy and inexpensive" legal process in mass disaster cases. The additional jurisdiction is intended to avoid conflicting and multiple filings in multiple state and federal courts and allow for consolidation to the extent possible of the whole case in a single court, where the same equal justice can be applied to everyone as efficiently as possible.

2. On February 20, 2003, a pyrotechnic display set off by the band Great White ignited a fire at The Station nightclub located in West Warwick, Rhode Island. The fire resulted in the deaths of 100 people and allegedly injured many more.



3. Within weeks, lawsuits were filed in Rhode Island state court, Rhode Island federal court and Connecticut federal court. The actions pending in this Court are assigned to the Honorable Ronald R. Lagueux, who stayed all discovery and responsive pleadings on July 30, 2003, pending resolution of jurisdictional issues.[1] Many more suits are imminent.

4. The actions already filed include many common defendants, including McLaughlin & Moran, Anheuser-Busch, Inc. and Clear Channel Broadcasting, Inc. ("Clear Channel"). Many of the defendants named in suits to date – including the band, its members, its management and the fireworks supplier – are from out of state.

5. Three Miscellaneous Petitions (the "Miscellaneous Petitions") have also been filed in Providence County Superior Court. Two were filed on behalf of fire victims from Rhode Island and Ohio. One was filed on behalf of "unnamed defendants."[2]

6. These three Miscellaneous Petitions do not formally name any particular defendants. No third parties, including the Removing Parties, were served with summonses or copies of the Petitions. The Removing Parties accordingly have not participated in these Miscellaneous Petition proceedings.

7. Initially, the Miscellaneous Petitions sought to collect and preserve evidence from The Station fire site. That effort has concluded. The evidence has been collected, preserved and secured. Since then, however, at the request of petitioners, the Superior Court

---

[1] In accordance with Local Rule 31, a Notice of Pendency Of Other Actions Or Proceedings is attached hereto as Exhibit A.

[2] A fourth miscellaneous petition was also filed in Providence County Superior Court on behalf of Renee C. Walton, seeking initial inspection. In Re Station Fire, M.P. No. 03-1401. That petition is not cited in the Superior Court's recent orders or in the subpoenas served on the Removing Parties. There are no filings beyond the petition, itself. As that matter appears inactive, it has not been removed.

issued decisions and orders that allow petitioners to go beyond the mere preservation of evidence and instead take depositions and test evidence.

8. Various plaintiffs' attorneys, on behalf of named and unnamed injured parties who intend to file suits arising from The Station fire, have sought and obtained orders respecting the coordination and organization of efforts among "plaintiffs'" counsel, appointment of Interim Lead Counsel for "plaintiffs", appointment of a "Plaintiffs' Steering Committee," appointment of a "Liaison Counsel" for "defendants," inspection and testing of evidence collected from The Station site, and leave to take depositions for the ostensibly limited purpose of identifying potential defendants for later lawsuits. See Super. Ct. Docket, Tab Nos. 5, 6, 8, 10, 11, 22, 23, 25, 27 and 35.[3]

9. On July 29 and 30, some of the Removing Parties were served with deposition subpoenas, bearing the caption of the three Miscellaneous Petitions, which seek testimony and the production of various documents on a wide range of subject matters. The service of these subpoenas was the first time the Miscellaneous Petitioners ever served McLaughlin & Moran or Anheuser-Busch with any pleading or paper in the state court proceedings. (Similar depositions were noticed on other parties as well, including Manic Music Management, Inc., Strawberries, Rhode Island, Inc. and Derco, LLC.) These subpoenas and deposition notices are attached as Exhibit B.

10. As a result of: (1) the various Superior Court orders which have transformed discrete actions for the collection and preservation of evidence into much broader civil actions;

---

[3] Pursuant to Local Rule 36 and General Order 2003-01, the Removing Parties will submit a certified copy of the State Court Docket Sheet, together with tabbed and numbered certified copies of the documents filed with the Superior Court. To minimize the number of attachments to this Petition, Removing Parties will refer to Docket Tab Numbers from the Superior Court record where possible.

3

and (2) the service of subpoenas and various deposition notices, the Removing Parties file the instant Notices of Removal to bring these so-called Miscellaneous Petitions before this Court to secure coordinated and efficient resolution of discovery and pretrial proceedings in the various pending and future actions and the full and complete participation of all interested parties.

11. The Federal Court is the *only* court that can consolidate and hear all the lawsuits presently filed, and to be filed, in various state and federal courts arising out of The Station fire. All of the litigants – Plaintiffs and Defendants alike – are entitled to the benefits of the new system envisioned by the MMTJA.

### THE MISCELLANEOUS PETITIONS

12. The first miscellaneous petition, In Re: The Station Fire, M.P. No. 03-1326, is the subject of this Notice of Removal. It was filed in Providence County Superior Court on March 14, 2003 on behalf of three named petitioners, Luis F. and Mary A. Alves, citizens of Rhode Island and parents of Louis S. Alves who died in the fire, and Robert W. Rager, a citizen of Ohio who was allegedly injured in the fire. See Super. Ct. Docket, Tab No. 1.

13. The second miscellaneous petition, In Re: The Station Fire, M.P. No. 03-1346 is the subject of a simultaneously filed Notice of Removal. It was filed in Providence County Superior Court on March 17, 2003 on behalf of six parties: (1) Judith O'Brien, a citizen of Rhode Island and mother of Robert Reisner who died in the fire; (2) Lawrence Fick, a citizen of Michigan, as father and guardian of Samantha and William Fick, the minor children of Charlene Fick who died in the fire; (3) Deborah Lemay, a Rhode Island citizen; (4) Claire Bruyere, a citizen of Rhode Island, and the mother of Bonnie Hamlin who died in the fire; (5) Nancy Lee, a citizen of Rhode Island and mother of Christopher Prouty who died in the fire; and (6) Michael Perreault, a citizen of Rhode Island.

14. Both Miscellaneous Petitions filed on behalf of fire victims state that the petitioners intend to prosecute civil claims for wrongful death and personal injuries arising out of The Station fire. See Supr. Ct. Docket, Tab No. 1.

15. No adverse parties were named in the above two petitions. Further, Petitioners have never served the Removing Parties with a summons or a copy of the Petitions, nor with any pleadings in these matters (except the above-referenced subpoena).[4]

16. These two petitions originally sought an order allowing their experts to enter upon the site of The Station nightclub fire to conduct a forensic fire investigation and permitting a subpoena duces tecum to television station WPRI for a copy of video recordings of The Station. Super. Ct. Docket, Tab No. 1.

17. The third Miscellaneous Petition, In Re: The Station Fire, M.P. No. 03-1431, is also the subject of a simultaneously filed Notice of Removal. It was filed in Providence County Superior Court on March 20, 2003 on behalf of certain unknown and unnamed manufacturers who allege they may be subject to future litigation.

18. The third Miscellaneous Petition, likewise, named no defendants, nor was it served on the Removing Parties. This Miscellaneous Petition sought as relief only "that the Court enter an order allowing access to the fire scene under the same requirements and procedures as potential plaintiffs and any other party."

19. The inspection of The Station site, and the collection and safeguarding of evidence collected from that site, have been completed. The Superior Court abandoned control of the site on May 6, 2003. The evidence collected from the site is stored in a secured

---

[4] Plaintiffs' Lead Counsel have frequently commented – both in legal filings and in statements to the media – that they have identified many potential Defendants. But plaintiffs' Lead Counsel have persistently eschewed naming any defendants in the Miscellaneous Petitions.

warehouse. See Super. Ct. Docket, Tab Nos. 5, 8 and 20. Nonetheless, the state court Petitioners continued to seek further diverse relief.

20. All of the Superior Court matters are being handled at the same time and in the same way by the Hon. Judge Alice Gibney, who acts pursuant to an Administrative Order issued by Hon. Presiding Justice Joseph Rodgers, Jr. on March 4, 2003.[5] Acting under this order, Judge Gibney has issued a series of Case Management Orders, each of which applies to all "causes" – filed and unfiled alike.[6]

21. On May 9, 2003, the Superior Court entered its "Pretrial Order No. 1 (Preliminary Case Management Order)," Super. Ct. Docket, Tab No. 22, to establish a "preliminary structure and case management procedure" as "the case presents the likelihood of significantly complex litigation." That Order stated that:

> This order shall apply to and govern all pending actions, petitions relating to or arising from the February 20, 2003 Station fire as well as any actions that may be filed in the future.

That Case Management Order appointed Interim Lead Counsel for the potential plaintiffs. It also appointed an Interim Liaison Counsel for "defendants." The Removing Parties do not know who

---

[5] That Order reads *in toto*:

> In re: LITIGATION AS A RESULT OF THE FIRE AT THE STATION IN WEST WARWICK ON FEBRUARY 20, 2003
>
> ASSIGNMENT OF JUSTICE FOR MULTI-CASE MANAGEMENT
>
> *All such causes of action* filed in the Superior Court are assigned to the Honorable Alice Bridget Gibney in Providence for the purpose of managing, supervising, scheduling and disposing of any and all pre-trial motions pertaining to such *causes*.
>
> Ms. Justice Gibney is empowered to issue special orders for the due administration of these *causes of action*. [emphasis added]

[6] The Superior Court Case Management Orders bear a single caption which includes the several Miscellaneous Petition Numbers. It appears that no Motion to Consolidate was ever filed, apparently because Judge Rodgers' order was considered a sufficient basis to include automatically any Station-related case of any kind.

6

the "Liaison Defense Counsel" appointed by the Court represents or whether and to what extent that party's interest may align or diverge with theirs. Liaison Defense Counsel's client has yet to be sued in the Superior Court and, accordingly, he is not authorized to divulge the identity of his client.

22. As part of their investigatory efforts, Interim Lead Counsel for "plaintiffs" sought to serve certain deposition notices on various officials and entities connected to the Town of West Warwick. The Town objected. See Super. Ct. Docket, Tab Nos. 27, 29 and 30.

23. On June 25, 2003, the Superior Court issued a written decision in the Miscellaneous Petitions authorizing the pre-filing depositions of the Town, but only after the adoption of a "Discovery Plan." That decision is attached as Exhibit C.

24. In that decision, the Superior Court held:

- "This Court considers the *potential plaintiffs as parties to this litigation.* This Court will continue to exercise jurisdiction over this *litigation* until it is instructed otherwise";

- "... *discovery* is necessary and is the next logical step...";

- "... a discovery plan should be in place before proceeding with such discovery...";

- ... "Rule 26(f) requires a *meeting of counsel for the purpose of developing a discovery plan* for submission to the court...";

- "As soon as the discovery plan is in place, the requirements of Rule 26, including those with regard to conferring with the affected *parties* prior to filing with this court to resolve disputed issues of discovery, will necessarily be in full effect."

(Emphasis added.)

25. Thereafter, pursuant to that written decision, on July 14, 2003 the Superior Court entered an Order captioned "Interim Pretrial Discovery Plan," attached hereto as Exhibit

D, to allow for "limited discovery until its adoption and approval of a Pretrial Discovery Plan." That order states, in part, that:

> ... depositions shall be conducted only for the stated purpose of obtaining documents and related items. Therefore, only questions related to the identity of documents, their location and effort made to locate them, *and to determine the identity of potential defendants are permitted,* and no other testimony will be asked for or elicited without further order of this court. (Emphasis added.)

26. Pursuant to that order, some of the Removing Parties (McLaughlin & Moran and Anheuser-Busch, Inc.) were served with subpoenas to appear at depositions to be taken in furtherance of filing lawsuits stemming from The Station fire. See Exhibit B. Deposition notices were issued concerning other parties as well. See Exhibit B.

27. These subpoenas call for testimony concerning and the production of, among other things, the following:

- contracts relating to The Station and the Great White concert;

- contracts and communications among and between the various Removing Parties, other entities, Great White or The Station;

- documents relating to the Great White concert of February 20, 2003;

- documents relating to other concerts at The Station;

- documents reflecting expenses incurred in connection with the Great White concert;

- documents identifying the identities of employees who participated in the promotion of the Great White concert;

- documents respecting the Removing Parties' prior knowledge of Great White's use of pyrotechnics;

- indemnity contracts; and

- contracts of insurance.

8

In short, the subpoenas seek the types of records and information plaintiffs would seek in a civil action seeking recovery for injuries from The Station fire.

28. On July 11, 2003, the Superior Court entered a second order attached hereto as Exhibit E. That eight-page order sets forth so called "Protocols" for "Testing and Evidence Handling" – including possible destructive testing – of materials collected from The Station fire site.

29. Amongst the provisions in this second July 11th order are:

- provisions for possible removal, modification, assembly, disassembly or destructive testing of samples, even if "there will not be left a sufficient sample to perform the same or similar test at a later time";
- a restriction allowing only parties who have disclosed their identities in the State Court Miscellaneous Petition proceedings to participate in testing; and
- a restriction on sharing information obtained from the warehouse with any lawyer who has not agreed to participate in the funding mechanisms previously adopted by the Superior Court.

### The Related Original Federal Court Actions

30. The Removing Parties are presently parties in Passa v. Jeffrey Derderian, et al., C.A. No. 03-148/L, pending before Judge Lagueux. The Passa action was originally filed in this Court on April 22, 2003 on behalf of three plaintiffs, two of whom were injured in the fire and a third whose husband died in the fire. Subject matter jurisdiction in the Passa action is based on 28 U.S.C. § 1369.

31. On June 5, 2003, a second original federal court action was filed in the United States District Court for the District of Connecticut, Henault v. American Foam, 03CV00999DJS, seeking damages for injuries resulting from the fire. The Removing Parties were named and served in that action. Other named defendants in that action include: American

9

Foam Corporation; Barry H. Warner; Triton Realty; the Derderians and Derco; Manic Music Management; Great White band members; Knight Records; Luna Tech, Inc. and Luna Tech Pyrotechnic, GmbH; Citadel Communications; Shell Oil Company and its subsidiary Motiva Enterprises, LLC; the Town of West Warwick; the State of Rhode Island; and various state and local inspection officials. Relevant pages of that lengthy complaint are attached hereto as Exhibit F.

### The Removed State Court Cases

32. On March 10, 2003 plaintiff, Ronald Kingsley, for Zoe Jean Kingsley, a minor, and the beneficiaries of decedent Lisa Kelly, filed an action seeking damages for the death of Lisa Kelly at The Station on February 20, 2003.

33. On May 30, 2003, Anheuser-Busch removed the Kingsley action to this Court. McLaughlin & Moran joined in that Notice of Removal on June 30, 2003. That case is pending before Judge Lagueux, docketed as C.A. No. 03-CV-208/L.[7] Clear Channel Communications, Inc. is also a named party in that proceeding.

### SUBJECT MATTER JURISDICTION

34. This Court has jurisdiction over these Miscellaneous Petitions under the newly enacted Multiparty, Multiforum Trial Jurisdiction Act of 2002 ("MMTJA"), that became effective on January 31, 2003. The MMTJA vests federal courts with original jurisdiction over

---

[7] On May 30, 2003, Anheuser-Busch also removed to this Court an action filed by Joseph K. Kinan And Maureen Sullivan, As Mother And Next Friend Of The Minor Kaitlin E. Sullivan. However, on July 7, 2003, plaintiffs voluntarily dismissed that action, C.A. No. 03-CV-207/L, without prejudice.

actions involving a single accident at a discrete location resulting in the death of at least 75 persons. 28 U.S.C. § 1369 (2003).[8]

35. This Court has subject matter jurisdiction over these petitions under Section 1369(a) which provides that:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different States regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1369(a)(1)-(3) (2003).[9]

36. Minimal diversity exists in these Miscellaneous Petitions because: (1) they are filed on behalf of petitioners from Ohio and Rhode Island; and (2) McLaughlin & Moran is a citizen of Rhode Island, Anheuser-Busch, Inc. is a citizen of Missouri, Clear Channel is a citizen of Nevada, and many of the already named and potential defendants come from a variety of different states. For example, of the defendants already named in the pending lawsuits: the band Great White, their tour manager, and their record company are California citizens; the alleged manufacturers of the pyrotechnics, Luna Tech, Inc. and its parent company, Luna Tech Pyrotechnik GmbH, are alleged to be citizens of Alabama and Germany, respectively; Shell Oil Company's subsidiary, Motiva, Inc. is a citizen of Texas; Citadel Communications, Inc. is

---

[8] The purpose of the MMTJA is to create a mechanism by which all actions of this type can be resolved together in a single federal forum. *House Conference Report* 107-685; Public Law 107-273, Sec. 11020; Multiparty, Multiforum Trial Jurisdiction Act of 2002.

[9] Section 1369(b), which requires the Court to abstain in certain specified circumstances does not apply here because of, among other things, the varied citizenship of the parties involved.

11

alleged to be a citizen of Nevada; and Strawberries, Inc. is incorporated in Delaware with a principal place of business in Massachusetts.

37. Jurisdiction in this Court is proper under two of the three independent bases set forth in § 1369(a). The requirement of § 1369(a)(1) is satisfied because the residency of two of the Removing Parties, Anheuser-Busch and Clear Channel, are residents of states different from the state where a substantial part of the accident occurred.

38. In addition, Section 1369(a)(2) is satisfied because at least two of the Removing Parties (and also the already named or identified defendants) reside in different states.

## REMOVAL AUTHORITY

39. The Federal Court thus being vested with original jurisdiction, this action is removable under 28 U.S.C. § 1441(e)(1) which provides for removal if:

> (A) the action could have been brought in a United States court under section 1369 [of title 28]; or (B) the defendant is a party to an action which is or could have been brought, in whole or part, under section 1369 in a United States district court and arises from the same accident as the action in the State court, even if the action to be removed could not have been brought in a district court as an original matter.

40. Removal is proper under Section 1441(e)(1)(A) because the parties to the Miscellaneous Petitions could have originally brought suit in federal court under Section 1369.

41. Removal is also independently proper under Section 1441(e)(1)(B) because the Removing Parties are parties to two suits – Passa and Henault – which assert jurisdiction under Section 1369 and arise out of the same accident as the Miscellaneous Petitions.

42. Further, targets of discovery may remove pre-filing petitions seeking discovery where the underlying cause of action would be subject to removal. See, e.g., Dublin Worldwide Productions (USA), Inc. v. JAM Theatricals Ltd., 162 F.Supp. 2d 275 (S.D.N.Y.

2001); Carryn v. Real Parties in Interest, 110 F.Supp. 2d 514 (E.D.Tx. 2000); Christian, Klein & Logbura v. NASD, 970 F.Supp. 276 (S.D.N.Y. 1997). But see, e.g., Manhasset Office Group v. Banque Worms, 1988 U.S.Dist. LEXIS 10746 (E.D.N.Y. 1988).

43. Further, via its prior orders, the Superior Court has declared that the *same principles, rules and orders now apply* both to all pending and any future Superior Court civil actions, including these Miscellaneous Petitions. The Superior Court has drawn no distinction between traditional lawsuits and the Miscellaneous Petitions. Likewise, the MMTJA – federal legislation enacted specifically to address this type of litigation – draws no distinction. Rather, it expands removal practice to allow for the removal of actions "even if the action to be removed could not have been brought in a district court as an original matter." 28 U.S.C. § 1441(e)(1)(B).

44. This Notice of Removal is timely under Sections 1441(e) and 1446 as the Removing Parties served with subpoenas were served on July 29 and 30, 2003.

45. Because the United States District Court is the single appropriate – *and the only possible* – forum where the *entire* Station fire litigation can to be comprehensively managed and resolved, the Miscellaneous Petitions should be before this Court.

46. The plain language of § 1441(e) vests the right of removal in "a defendant" in the singular and thus allows any single defendant to remove without requiring the consent of any other defendants.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

47. Pursuant to Rule 36 of the Local Rules of the District of Rhode Island for the United States District Court, the Removing Parties will file within the next ten days a certified copy of all state court docket entries and certified copies of all state court records and proceedings.

13

48. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is also being filed with the Clerk of the Superior Court of Providence County, Rhode Island and the Removing Parties will also promptly give written notice to other parties of the filing of this Notice of Removal.

49. By removing this action to this Court, the Removing Parties do not waive any available defenses.

50. The Removing Parties reserve the right to amend or supplement this Notice of Removal.

_____
Howard A. Merten, Esq. No. 3171
Eric M. Sommers, Esq. No. 6213
VETTER & WHITE
Attorneys for McLaughlin & Moran, Inc.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060 (401) 272-6803 FAX

Of Counsel to Anheuser-Busch, Inc.

_____
Joseph V. Cavanagh, Jr., Esq. No. 1139
Kristen Rodgers, No. 4842
BLISH & CAVANAGH
Attorneys for Anheuser-Busch, Inc.
Commerce Center, 30 Exchange Terrace
Providence, Rhode Island 02903-1765
(401) 821-8900 (401) 751-7542 FAX

Edward M. Crane, Esq.
Deborah G. Solmor, Esq.
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
(312) 407-0700 (312) 407-0411 FAX

Of Counsel to Clear Channel
Broadcasting, Inc.

W. Thomas McGough, Jr., Esq.
James J. Restivo, Jr., Esq.
REED SMITH LLP
345 Sixth Avenue
Pittsburgh, Pennsylvania 15219
(412) 288-3088 (412) 288-3063 FAX

Andrew J. Trevelise, Esq.
REED SMITH LLP
2500 One Liberty Place
Philadelphia, Pennsylvania 19103-7301
(215) 851-8250 (215) 851-1420

Dated: August 7, 2003

*(William T. Robinson III/smp)*

_____
William P. Robinson III, Esq. No. 1686
Stephen M. Prignano, Esq., No. 3649
EDWARDS & ANGELL, LLP
Attorneys for Clear Channel Broadcasting, Inc.
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200 (401) 276-6611 FAX

## CERTIFICATE OF SERVICE

To:

Marc Desisto, Esq.
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

Thomas C. Angelone, Esq.
One Turks Head Place
Providence, RI 02903

Anthony F. DeMarco, Esq.
Reynolds DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

James Lee, Esq.
Chief, Civil Division
Dept. of Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903

Daniel P. McKiernan, Esq.
146 Westminster Street
Providence, RI 02903

J. Renn Olenn, Esq.
Olenn & Penza
530 Greenwich Avenue
Warwick, RI 02886

Curtis R. Diedrich, Esq.
Edward T. Hinchey, Esq.
Sloan & Walsh
Three Center Plaza
Boston, MA 02108

Timothy A. Williamson, Esq.
Solicitor, Town of West Warwick
c/o Inman & Tourgee
1193 Tiogue Avenue
Coventry, RI 02816

Stephen E. Breggia, Esq.
Breggia, Bowen & Grande
395 Smith Street
Providence, RI 02908

Mark D. Tourgee, Esq.
West Warwick Assistant Solicitor
Inman & Tourgee
1193 Tiogue Avenue
Coventry, RI 02816

Brian R. Cuhna, Esq.
Brian Cuhna & Associates
904 Broadway
East Providence, RI 02914

Stefanie DiMaio-Larivee, Esq.
215 Broadway
Providence, RI 02903

Mark S. Mandell, Esq.
Yvette M. Boisclair, Esq.
One Park Row
Providence, RI 02903

Mark T. Nugent, Esq.
One Providence Washington Plaza
Providence, RI 02903

Charles N. Redihan, Jr., Esq.
91 Friendship Street
Providence, RI 02903

James A. Ruggieri, Esq.
Higgins, Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903-3500

Max Wistow, Esq.
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903

Joseph B. Burns, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103

Anthony F. DeMarco, Esq.
Reynolds, DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI  02903

James P. Howe, Esq.
215 Broadway
Providence, RI  02903

Patrick T. Jones, Esq.
Cooley Manion Jones, LLP
21 Custom House Street
Boston, MA  02110

James Murphy, Esq.
Kelly N. Michels, Esq.
Thomas Bender, Esq.
HANSON CURRAN LLP
146 Westminster Street
Providence, RI  02903

Oleg Nikolyszyn, Esq.
155 South Main Street, Suite 303
Providence, RI  02903

Christopher L. Russo, Esq.
888 Reservoir Avenue
Cranston, RI  02910

Attorney Ann Sheeley
Law Office of Donald E. Green
2235 Washington Street
Roxbury, MA  02119

William P. Robinson, Esq.
Stephen M. Prignano, Esq.
Stephen J. MacGillivray
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI  02903

Faith LaSalle, Esq.
Zizik, LaSalle & Powers, P.C.
40 Westminster Street – Suite 201
Providence, RI  02903

Attorney Joyce A. Faraone
400 Reservoir Avenue, Suite 3G
Providence, RI  02907

Scott Hubbell, Esq.
Summers Law Office
P.O. Box 306
Franklin, MA  02038

Steven Minicucci, Esq.
373 Elmwood Avenue
Providence, RI  02907

Ralph J. Monaco, Esq.
Conway & Londregan
38 Huntington Street
P.O. Box 1351
New London, CT  06320

Randall L. Souza, Esq.
Fred A. Kelly, Jr., Esq.
Nixon Peabody, LLP
One Citizens Plaza, Suite 700
Providence, RI  02903

Michael A. St. Pierre, Esq.
Revens Revens & St. Pierre, P.C.
946 Centerville Road
Warwick, RI  02886

Ronald J. Resmini, Esq.
RONALD J. RESMINI LAW OFFICES
155 South Main Street
Providence, RI  02903

Joseph V. Cavanagh, Jr., Esq.
Kristin E. Rodgers, Esq.
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI  02903

Eva Mancuso, Esq.
387 Atwells Avenue
Providence, RI  02909

Deborah G. Solmor, Esq.
Edward M. Crane, Esq.
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Scott J. Tucker, Esq.
Tucker Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108

W. Thomas McGough, Jr., Esq.
James J. Restivo, Jr., Esq.
REED SMITH LLP
345 Sixth Avenue
Pittsburgh, PA 15219

William A. Filippo, Esq.
373 Elmwood Avenue
Providence, RI 02907

Andrew J. Trevelise, Esq.
REED SMITH LLP.
2500 One Liberty Place
Philadelphia, PA 19103-7301

James T. Murphy, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Christopher C. Fallon, Jr., Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103-3508

      I hereby certify I caused to be served on the above-named counsel a copy of the within Joint Notice for Removal by mailing first-class mail, postage prepaid, on the 7th day of August, 2003.

_/s/ Shawn L. Boyd_

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## (a) PLAINTIFFS
IN RE: THE STATION FIRE IN WEST WARWICK, RHODE ISLAND ON FEBRUARY 20, 2003

## DEFENDANTS
N/A

MISC 03 070L

## (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(M.P. No. 03-1326)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Howard A. Merten
Vetter & White
20 Washington Place
Providence, RI 02903
(401) 421-3060

Joseph V. Cavanagh, Jr.
Blish & Cavanagh
Commerce Center
30 Exchange Terrace
Providence, RI 02903 (401) 821-8900

ATTORNEYS (IF KNOWN)
William P. Robinson, III
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903 (401) 274-9200

## I. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)
- X 28 U.S.C. § 1369

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. § 1369; 28 U.S.C. § 1441; 28 U.S.C. § 1446

## VIII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## IX. RELATED CASE(S) IF ANY (See instructions):
JUDGE Lagueux
Lagueux

DOCKET NUMBER 03-148
03-CV-208/L

DATE August 6, 2003

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

```
H. Q. Ho,
Amount    $5.00
Pay To: Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4679


Thu Aug  7 14:50:32 2003


        UNITED STATES DISTRICT COURT

        PROVIDENCE      , RI

Receipt No.   100 54078
Cashier       fmccabe

Check Number:

DO Code    Div.No    1
 4679       1

Sub Acct Type Tender    Amount
1:086900  N     2        60.00
2:510000  N     2        30.00

Total Amount      $    90.00

VETTER & WHITE


MISC. CASE FILING FEES IN NC. 03-70 L
, 03-71 L & 03-72 L




         cn
```