STATE OF RHODE ISLAND  SUPERIOR COURT
PROVIDENCE, SC.

RECEIVED JUL 2 4 2003 HODOSH SPINELLA & ANGELONE P.C.

IN RE:  THE STATION FIRE IN  : M.P. NO.: 03-1326
WEST WARWICK, RHODE ISLAND  : M.P. NO.: 03-1346
ON FEBRUARY 20, 2003  : C.A. NO.: 03-1084
:

### PRETRIAL ORDER NO. 3
(Case Management Order Governing Warehouse Entry,
Testing and Evidence Handling)

This matter came on to be heard before the Honorable Justice Alice B. Gibney on Petitioners' request for a Case Management Order to govern Warehouse Entry, Testing and Evidence Handling with regard to the items stored at the Evidence Repository established pursuant to the Court's Order (Phase II), of March 31, 2003 and after having come on to be heard, it is hereby

ORDERED, ADJUDGED AND DECREED

The following Protocol shall be followed for all Warehouse Entry and for all Testing and Examination of the 717 items presently located in the warehouse located at 225 Macklin Street, Cranston, Rhode Island:

A. WAREHOUSE ENTRY AND EXAMINATION

1. Warehouse access shall be controlled with two (2) keys, a plaintiff key and a defendant key. The number of keys and the identity of the custodians of those keys shall be determined by the court. All access doors as well as interior intervening doors shall be double locked either with dead bolts or padlocks. A representative of both plaintiff and defendant shall be required to access the evidence.

2. A log book shall be maintained at the sample storage facility. All persons who enter the facility for any reason at any time shall

SUPERIOR COURT FILED HENRY C. WINCH JR., CLERK 2003 JUL 23 A 11: 30

sign the log noting their name, affiliation, address, phone number, time and date of visit and time and date of arrival and departure. The log book shall be available for review by all interested parties.

3. A sample log (master evidence list) has been prepared and shall be maintained at the warehouse. The log specifically identifies each of the 717 samples collected as a part of the civil proceeding. The following information is available for each of the samples collected thus far:

> Identification number of the item
> Time and date the sample was collected
> Initials of individual who collected the sample
> Short description of the item
> Rough dimensions of the item
> Location from which item was originally collected
> Rack storage location in the warehouse
> Roll/frame number of identifying photographs of the item
>
> Any additional item(s) received shall be incorporated onto the existing list and shall contain the same information.

4. Examination and observation of all artifacts, whether that occurs at the warehouse or at some other location, shall be strictly controlled by the following protocol:

> (a) Notice of intent to access shall be given by fax or e-mail to all counsel of record at least 24 hours before the time of access is to be made.
>
> (b) Any artifact shall be accessed by any interested party by referencing the shelf code for item location.

(c) There shall be no removal from the warehouse, no testing, no destructive examination, no disassembly, no damaging manipulation or alteration of any kind to any artifact without court order in the event an objection is filed pursuant to Section B (2). If an objection is filed, the proponent of such removal, testing, examination, manipulation or alteration must file a motion with the court seeking prior approval and review.

(d) Items of interest may be observed, photographed, and optical enhancement will be acceptable. Examination tables are located in the warehouse as well as rooms available for this purpose.

(e) If the examination, observation (or any testing described below) is to occur at a different location, all interested parties shall be notified seven business days in advance of removal of any item from the sample facility. Notification shall include the following information:

   (i) Item to be removed

   (ii) Person who will assume responsibility for the item when it is outside the confines of the sample facility

   (iii) Purpose for removing the item from the sample facility

   (iv) If item will be altered, modified, destroyed or otherwise changed

   (v) Date the item will be removed from and returned to the sample facility

(f) Items shall be photographed prior to removal from and upon return to the sample facility. The photographs shall be maintained in a separate file at the warehouse identified by the shelf code for the item and shall be made available for inspection and copying by any interested party.

(g) The attached form shall be filled out and signed for each item removed from the sample facility.

(h) The original of the attached form shall be kept at the sample facility.

3

5. All access to the warehouse for examination, observation and/or testing shall be governed by this and all prior and subsequent court orders, specifically including but not limited to paragraph 10 and 11 of the court's Order dated March 31. With respect to Named Defendants and Unnamed Defendants, access to the warehouse for such examination, observation and/or testing shall be allowed only as set forth in this Order and only to those Named or Unnamed defendants who have made payments in accordance with an order of this court to be issued pursuant to paragraph 11 or who have entered into an agreement with the law firm of Higgins, Cavanagh & Cooney with respect to such reimbursement payments. Any person, firm or corporation gaining access as aforesaid shall not share any information thus obtained with any other person, firm or corporation who has not made the payments as set forth in paragraph 10 and, with respect to Named defendants and Unnamed defendants, have either made payments pursuant to an order of this court issued in accordance with paragraph 11 of the March 31 order or have entered into an agreement with Higgins, Cavanagh & Cooney with respect to the payment of such expenses.

B. TESTING OF SAMPLES

    1. SCOPE

    (a) This protocol shall apply exclusively to the items that are jointly maintained in the sample storage facility. Nothing in this document shall be construed as applying to the testing of other items, including items that may be identical to those stored in the sample facility.

4

2. **GENERAL**

(a) Any modification, test, assembly, disassembly of any item (collectively referred to as the "Testing Procedure") stored in the warehouse shall not occur until:

  (i) All interested parties have been given a 7 business day notification (facsimile notification shall be deemed acceptable) of the time, date, nature and purpose of the Testing Procedure.

  (ii) If the Testing Procedure is to occur at a site outside the warehouse, the removal protocol set forth in paragraph A.4.(d) set forth above is followed.

  (iii) The item is photographed prior to removal of the item from the storage facility.

  (iv) Any party objecting shall file the objection with the Superior Court within 5 business days of the notice. The objection of any party may include, but is not limited to a request that the Court allow an interested party to be present at any modification, test, assembly or disassembly of any item, that the raw data test results be provided to any interested and disclosed party and/or that a portion of any item or the material from any item tested, in an amount sufficient for further testing, be provided to any interested and disclosed party.

  (v) Objections raised by any interested, disclosed party have been resolved either by and between the parties proposing the Testing Procedure and those objecting or if that cannot be accomplished, resolved by the court.

  (vi) Failure to respond to the 7 business day facsimile notification shall be considered as agreement that the proposed Testing Procedure can be conducted.

  (vii) If an objection is made to any Testing Procedure, the proponent of the Testing Procedure must file a motion with the court seeking approval of the test.

(b) Removed items shall be photographed upon removal and upon return to the facility.

5

3. TESTING:

    (a) Any interested disclosed party shall have the right to request the testing of any item subject to paragraph a (5) Any interested party may attend any testings performed on any item and may videotape and photograph said tests so long as the identity of that party is disclosed and so long as that party has paid its fair pro rata share as is set forth in paragraph 10 of this Court's Order dated March 31 or as set forth in a future order of this Court entered pursuant to paragraph 11 of the March 31 Order or has entered into an agreement with Higgins, Cavanagh & Cooney with respect to the payment of such expenses. Any Interested Party may attend any testings performed on any item so long as that party has paid its fair pro rata share as is set forth in paragraph 10 of this Court's Order dated March 31, 2003 or as set forth in a future Order of this Court entered pursuant to paragraph 11 of the March 31, 2003 Order or has entered into an agreement with Higgins, Cavanagh & Cooney with respect to the payment of such expenses.

    (b) Request to test shall include

        (i) Detailed description of the test to be performed. This will include sufficient information to permit duplication of the test procedure.

        (ii) Any changes, modifications and/or damage which may occur to the sample if the proposed test is performed

        (iii) 7 business day advance copy of the test protocol to all interested parties

        (iv) Organization and/or individual who will perform the test

        (v) Location where the test will be performed

        (vi) Time and date when the test will be performed

        (vii) The amount of material from any item to be removed and tested

        (viii) The amount of material from any item that remains in the warehouse and available for further testing.

    (ix)    A statement to the best of the testing parties knowledge, information and belief as to whether there will be sufficient material left for the same or similar test to be performed again.

    (x)    Disclosure of the identify of all of the parties requesting the performance of the Testing Procedure.

(c)    For any destructive testing where there will not be left a sufficient sample to perform the same or similar test at a later time, all methods for any such test must be agreed to by all interested, disclosed parties or approved by the court in advance of the test. As to any destructive testing, all raw data, photographs and videotapes generated by the destructive testing in question shall be shared and made available to all requesting, disclosed parties. Said requesting parties or their representatives shall be allowed to be present for any such destructive testing. To be entitled to obtain this raw data and/or be present at the testing, the requesting party must first pay their fair pro rata share as is set forth in paragraph 10 of this Court's Order dated March 31 or as set forth in an order of this court to be issued pursuant to paragraph 11 of the March 31 order or enter into an agreement with Higgins, Cavanagh & Cooney with respect to the payment of such expenses.

(d)    Whenever possible, testing shall be conducted in strict accordance with criteria established by nationally recognized authorities. Proposed variances from established test criteria shall be clearly identified in the proposed test protocol. Each particular testing protocol shall be presented to the court and either be agreed upon by all disclosed, interested parties or approved by court order.

(e)    Cost of testing shall be borne by the requesting party. If objections by another party require additional charges, added costs shall be negotiated between the original requesting party and the party raising the objection.

(f)    Every effort possible shall be made to minimize the amount of destruction, damage, modification, etc. that may occur to a sample during testing.

7

(g) With regard to destructive testing on an item for which the manufacturer of that item is known but counsel of record is unknown, the moving/testing party shall be required to send notice to that manufacturer's corporate headquarters of the request to test and if an objection is made by any party then a copy of any motion filed to test that item shall also be sent to the manufacturer.

Entered as an Order of this Court on this 11Th day of July, 2003.

ENTER:                                BY ORDER:

_____        _____
Alice B. Gibney                       Deputy Clerk
Associate Justice


ORDER PREPARED AND PRESENTED BY:

_____
Mark S. Mandell

Date: July 11, 2003

8

# CHANGE OF CUSTODY
## "The Station"

Item Number _____.    Description of item = _____

_____

Date item removed _____

Date item scheduled to be returned _____

Reason for removal of the item _____

_____

Person taking custody of the item .

    Printed name = _____

    Signature = _____

Witness to custody of the item

    Printed name = _____

    Signature = _____

## RETURN OF THE ITEM

Date returned = _____

Signature of person witnessing return of the item

_____

Condition of the item when returned _____

_____