UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF JUDE B. HENAULT, BY : <br> CHAD M. HENAULT and ANGELA : <br> BOGGS, CO-ADMINS.; ANGELA : <br> BOGGS INDIVIDUALLY; RACHEL M. : <br> HENAULT, PPA CHAD M. HENAULT; : <br> ANDREW J. HENAULT, PPA CHAD M. : <br> HENAULT; ESTATE OF SAMUEL A. : <br> MICELI, JR., BY MADELIENE P. : <br> MICELI, ADMIN.; ESTATE OF : <br> MELVIN A. GERFIN, JR., DEBORAH : <br> A. GERFIN and LAURA GERFIN, : <br> CO-ADMINS., DEBORAH GERFIN : <br> INDIVIDUALLY; LAURA GERFIN : <br> INDIVIDUALLY; KELLY GERFIN, : <br> PPA DEBORAH GERFIN; MEAGAN : <br> GERFIN, PPA DEBORAH GERFIN; : <br> NANCY NOYES; CAROLINE : <br> TELGARSKY, ADMIN. OF ESTATE OF : <br> SARAH JANE TELGARSKY, : <br> and SARAH JANE TELGARSKY, : <br> INDIVIDUALLY; GLENN JOHNSON : <br> LISA JOHNSON; AND : <br> MELANIE HOLLIDAY : <br> : <br> Plaintiffs, : <br> : <br> V. : <br> : <br> AMERICAN FOAM CORPORATION; : <br> BARRY H. WARNER; TRITON REALTY : | CIVIL ACTION NO: |

1

LIMITED PARTNERSHIP; JEFFREY :
DERDERIAN; MICHAEL DERDERIAN; :
DERCO, LLC; MANIC MUSIC :
MANAGEMENT, INC.; JACK RUSSELL :
MARK KENDALL; DAVID FILICE; :
ERIC POWERS; DANIEL BICHELE; :
PAUL WOOLNOUGH; KNIGHT :
RECORDS, INC.; ANHEUSER-BUSCH :
COMPANIES, INC.; MCLAUGHLIN & :
MORAN, INC.; LUNA TECH, INC.; :
LUNA TECH PYROTECHNIC GMBH; :
CLEAR CHANNEL COMMUNICATIONS :
INC., d/b/a WHJY-FM; :
STRAWBERRIES, INC.; CITADEL :
COMMUNICATIONS CORPORATION :
d/b/a WQGN-FM; MOTIVA :
ENTERPRISES, LLC; SHELL OIL :
COMPANY; TOWN OF WEST :
WARWICK, DENNIS LAROCQUE, :
STATE OF RHODE ISLAND and IRVING :
J. OWENS. :
                                                              :
          Defendants.                    :         JUNE 5, 2003

## COMPLAINT

### JURISDICTION AND VENUE

1.  The plaintiffs allege claims in negligence, product liability, wrongful death, and loss of consortium.

2

2. Jurisdiction in this Court is based upon diversity of citizenship, pursuant to 28 U.S.C. 1322(a)(1). The amount in controversy exceeds $75,000.

3. Jurisdiction in this Court may also be based upon 28 U.S.C. 1369, Multiparty Multiforum Jurisdiction.

## PARTIES

### Plaintiffs

4. The plaintiffs, Estate of Jude B. Henault, by and through Chad M. Henault and Angela Boggs, Co-administrators; Angela Boggs individually; Rachel M. Henault, a minor, by and through her father and next friend, Chad M. Henault; and Andrew J. Henault, a minor, by and through his father and next friend, Chad M. Henault, are individuals who at all times relevant hereto lived in Griswold, Connecticut. Ms. Henault was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club. Chad M. Henault and Angela Boggs were appointed co-administrators of the plaintiff Estate by the Probate Court for the District of Norwich on March 20, 2003.

3

5. The plaintiffs, Estate of Samuel A. Miceli, Jr., by and through Madeliene P. Miceli, Administratrix; is an individual who at all times relevant hereto lived in Lisbon, Connecticut. Mr. Miceli was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club. Madeliene P. Miceli was appointed Administratrix of the plaintiff Estate by the Probate Court for the District of Norwich on March 12, 2003.

6. The plaintiffs, Estate of Melvin Gerfin, Jr., by and through Deborah Gerfin and Laura Gerfin, Co-Administrators; Deborah Gerfin individually; Laura Gerfin individually; Kelly Gerfin, a minor, by and through her mother and next friend, Deborah Gerfin; and Meagan Gerfin, a minor, by and through her mother and next friend, Deborah Gerfin, are individuals who at all times relevant hereto lived in Groton, Connecticut. Mr. Gerfin was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club. Deborah Gerfin and Laura Gerfin were appointed Co-administrators of the plaintiff Estate by the Probate Court for the District of Groton on April 11, 2003.

7.   The Plaintiff, the Estate of Sarah Jane Telgarsky, by and through Caroline Telgarsky, Administrator, and Sarah Telgarsky, daughter of decedent Sarah Jane Telgarsky, individually, are individuals who at all times relevant hereto lived in Plainfield, Connecticut. Sarah Jane Telgarsky was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club. Caroline Telgarsky was appointed Administrator of the Plaintiff Estate by the Probate Court for the District of Plainfield on April 21, 2003.

8.   The plaintiff, Glenn Johnson, is an individual who at all times relevant hereto, lived in Gales Ferry, Connecticut. Mr. Johnson was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club.

9.   The plaintiff, Lisa Johnson, is an individual who at all times relevant hereto, lived in Gales Ferry, Connecticut. Mrs. Johnson was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club.

5

10. The plaintiff, Melanie Holliday, is an individual who at all times relevant hereto, lived in New London, Connecticut. Ms. Holliday was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club.

11. The plaintiff, Nancy Noyes, is an individual who at all times relevant hereto, lived in New London, Connecticut. Ms. Holliday was a patron of The Station night-club on February 20, 2003, when the building caught fire and burned to the ground following the use of pyrotechnics by a band performing within the club.

## **Defendants**

12. The defendant American Foam Corporation is a corporation organized under the laws of the State of Rhode Island with a principal place of business in Johnston, Rhode Island, and manufactured, sold and/or installed and placed into the stream of commerce the sound-proofing foam insulation to the owners of The Station night-club.

13. The defendant Barry H. Warner is a resident of West Warwick, Rhode Island and upon information and belief, sold the said sound-proofing foam insulation to the defendants Jeffery Derderian, Michael Derderian, and/or DERCO, d/b/a The Station.

6

14. The defendant Triton Realty Limited Partnership is a limited partnership organized under the laws of the State of Rhode Island and owner of The Station night-club property. The defendant Triton Realty, Inc. is a Rhode Island Corporation and subsidiary of Triton Realty Limited Partnership, and either individually or jointly owned the property where the former Station stood and leased the property despite its dangerous and hazardous condition.

15. The defendant Jeffrey Derderian is a resident of the Town of Narragansett, State of Rhode Island, and a part owner of DERCO, LLC and the former Station night-club.

16. The defendant Michael Derderian is a resident of Saunderstown, Rhode Island, and a part owner of DERCO, d/b/a the former Station night-club.

17. The defendant DERCO, d/b/a The Station is a corporation organized under the laws of the State of Rhode Island and has its principal place of business in West Warwick, Rhode Island. DERCO, d/b/a The Station is owned by Jeffrey Derderian and Michael Derderian, whose principal business was the operation of the former Station night-club.

7

18.     The defendant Station night-club was a "Class C" venue under the laws of the state of Rhode Island, and was a musical venue that featured national and local music bands. As a Class C venue, the club's capacity was limited to 300 persons as provided in its license.

19.     The defendant Manic Music Management, Inc. is, upon information and belief, a corporation organized under the laws of the State of California, and defendant Paul Woolnough is a resident of the State of California and the principal of Manic Music Management.

20.     The defendant Jack Russell is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

21.     The defendant Mark Kendall is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

22.     The defendant David Filice is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

23.     The defendant Eric Powers is a resident of the State of California and a member of the band Great White, and was so on February 20, 2003.

8

24.  The defendant Daniel Bichiele is a resident of the State of California and tour manager for the band Great White, and was so on February 20, 2003.

25.  The defendant Paul Woolnough is a resident of the State of California and the principal of Manic Music Management and the defendant Knight Records, Inc.

26.  The defendant Knight Records, Inc. is, upon information and belief, a corporation organized under the laws of the State of California and is the record company for the band Great White.

27.  The defendant Anheuser-Busch Companies, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business in St. Louis, Missouri, and was a sponsor of the Great White concert at The Station on February 20, 2003.

28.  The defendant McLaughlin & Moran, Inc. is a corporation organized under the laws of the State of Rhode Island with a principal place of business in Cranston, Rhode Island, and was a sponsor of the Great White concert at The Station on February 20, 2003.

29.  The defendant WHJY-FM, a corporation or other entity organized under the laws of the State of Rhode Island with a principal place of business in East

Providence, Rhode Island, and is a subsidiary of the defendant Clear Channel Communications, Inc., and was a sponsor of the Great White concert at The Station on February 20, 2003.

30. The defendant Clear Channel Communications, Inc., is a corporation organized under the laws of the State of New York with a principal place of business in New York, New York and owner of the radio station that was a sponsor of the Great White concert at The Station on February 20, 2003.

31. The defendant Luna Tech, Inc. is upon information and belief a corporation organized under the laws of the state of Alabama with a principal place of business in the City of Owens Cross Rocks, State of Alabama, and manufactured the pyrotechnics used by the band Great White at The Station on February 20, 2003. Luna Tech Inc. is a subsidiary of the defendant Luna Tech Pyrotechnic, GMBH, an organization formed under the laws of Germany with a principal place of business in Ascheffel, Germany.

32. The defendant Strawberries, Inc. is, upon information and belief, a corporation organized under the laws of the state of Delaware with a principal place of business in Massachusetts, and was and is in the business of selling music CD's and other

entertainment media, and marketing, promoting and advertising live music performances, for which it sold tickets. Plaintiff's Decedent, Ms. Telgarsky, through her friend, Craig Ballard, purchased her tickets for admission to the Great White show from the Strawberries store in Norwich, Connecticut and thereafter attended the show at The Station on February 20, 2003.

33. The defendant Citadel Communications Corporation, d/b/a Q105 and WQGN, is a corporation organized under the laws of the State of Nevada with a principal place of business in Las Vegas, Nevada and owner of the radio station Q105 in New London, Connecticut that was a sponsor of the Great White concert at The Station on February 20, 2003, and promoted said concert through advertising and the distribution of tickets.

34. The Plaintiffs' Decedents Henault, Miceli and Gefin and the plaintiffs Glenn Johnson, Lisa Johnson, Melanie, Holiday and Nancy Noyes received their tickets for admission to the Great White show from said Q105 radio station and thereafter attended the show at The Station on February 20, 2003.

35. The defendant Motiva Enterprises, LLC, a corporation or other entity organized under the laws of the State of Texas with a principal place of business in

Houston, Texas, is a subsidiary of the defendant Shell Oil Company, and was a sponsor of the Great White concert at The Station on February 20, 2003.

36. The defendant Shell Oil Company, a corporation or other entity organized under the laws of the State of Delaware with a principal place of business in Houston, Texas, was a sponsor of the Great White concert at The Station on February 20, 2003, through its subsidiary, Motiva Enterprises, LLC.

37. The defendant, Town of West Warwick, is a municipal corporation organized and existing under the laws of the State of Rhode Island. Jurisdiction against the Town of West Warwick is consistent with Rhode Island General Laws 9-31-1 which abrogated the Doctrine of Sovereign Immunity. Jurisdiction against the Town of West Warwick is also consistent with Rhode Island General Laws Sections 9-31-2 and 9-31-3.

38. The defendant, Dennis Larocque, Fire Inspector for the own of West Warwick, is responsible for promulgation and enforcement of fire safety laws in the Town of West Warwick.

39. The defendant, State of Rhode Island, through its Fire Marshal, defendant, Irving J. Owens, is responsible for promulgation and enforcement of fire safety laws in the State of Rhose Island.

## ALLEGATIONS COMMON TO ALL COUNTS

40. At some point prior to February 20, 2003, the defendants Jeffrey Derderian, Michael Derderian, and/or DERCO, d/b/a The Station purchased from the defendants American Foam Corp. and/or Barry H. Warner a quantity of foam insulation with the intent to use same as sound-proofing around the stage of the former Station night-club.

41. Said foam insulation material was not flame resistant and in fact was highly flammable and toxic.

42. Following said purchase of foam insulation, the defendants Jeffrey Derderian, Michael Derderian, and/or DERCO, LLC caused said foam insulation to be installed on the walls and/or ceiling of The Station night-club.

43. At some point prior to February 20, 2003, the defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agent for the band Great White, entered into an agreement with the defendants Jeffrey Derderian, Michael Derderian, and/or DERCO, LLC whereby the band Great White, whose members included Jack Russell, Mark Kendall, David Filice, Eric Powers, and the late Ty Longley, would play at The Station night-club on February 20, 2003.

13

44.   At some point prior to February 20, 2003, the defendants WHJY-FM, a subsidiary of the defendant Clear Channel Communications, and/or defendant WQGN-FM, a subsidiary of the defendant Citadel Communications Corporation, and/or the defendant Anheuser-Busch, Inc., and/or the defendant McLaughlin & Moran, Inc., and or the defendant, Motiva Enterprises, LLC, a subsidiary of Shell Oil Company, entered into express and/or implied sponsorship agreements with the defendants Jeffrey Derderian, Michael Derderian, and/or DERCO, LLC, and/or defendants Knight Records, Inc., Manic Music Management, and/or Paul Woolnough, as agent for the band Great White, to sponsor the concert at The Station night-club on February 20, 2003.

45.   Upon information and belief, the defendant WHJY-FM, a subsidiary of the defendant Clear Channel Communications, Inc. promoted the event and distributed promotional items, negligently contributing to the unlawful overcrowding of the former Station night-club and seeking to profit from such contribution.

46.   Upon information and belief, the defendant WQGN-FM, a subsidiary of the defendant Citadel Communications Corporation, promoted the event and distributed promotional items, negligently contributing to the unlawful overcrowding of the former Station night-club and seeking to profit from such contribution.

14

47.     Upon information and belief, the defendant Anheuser-Busch, Inc. as part of its sponsorship of the event, specially prepared and delivered to the defendant McLaughlin & Moran, Inc. a shipment of beer, which was then delivered to The Station for consumption by fans of Great White. These defendants also distributed promotional tickets and engaged in other methods of promotion, contributing to overcrowding of The Station and sought to profit from their sponsorship.

48.     The plaintiff's decedent, Jude B. Henault, was a patron of The Station night-club on February 20, 2003.

49.     The plaintiff's decedent, Samuel A. Miceli, Jr. was a patron of The Station night-club on February 20, 2003.

50.     The plaintiff's decedent, Melvin A. Gerfin, Jr., was a patron of The Station night-club on February 20, 2003.

51.     The plaintiff's decedent, Sarah Jane Telgarsky, was a patron of The Station night-club on February 20, 2003.

52.     The plaintiff, Glenn Johnson, was a patron of The Station night-club on February 20, 2003.

53. The plaintiff, Lisa Johnson, was a patron of The Station night-club on February 20, 2003.

54. The plaintiff, Melanie Holliday, was a patron of The Station night-club on February 20, 2003.

55. The plaintiff, Nancy Noyes, was a patron of The Station night-club on February 20, 2003.

56. The capacity of the former Station night-club was limited to 300 persons under the Class C license. Upon information and belief, more than 300 persons occupied The Station night-club the night of February 20, 2003.

57. The defendant Daniel Bichiele, and/or other agents of the band Great White, set up at or near the stage certain pyrotechnic devices manufactured by the defendant Luna Tech, Inc., for use during the Great White concert.

58. At approximately 11:10 p.m. on February 20, 2003, the band Great White took the stage at The Station.

59. After the band began playing, the defendant Daniel Bichiele activated the pyrotechnic devices at, on, or near the stage. As a result, sparks and/or flames flew from

16

the device, igniting the foam insulation on the ceiling and rear wall of the night-club, causing a fire which rapidly spread and engulfed the entire building.

60. Patrons attempted to flee the night-club, but many persons, including the plaintiff's decedents, were unable to get out of the building and perished in the fire.

### COUNT ONE: (Negligence as to American Foam Corp. by the Estate of Jude B. Henault)

1. Paragraphs One through Sixty are incorporated as if more fully set forth herein.

61. The defendant American Foam Corporation, and/or its agents, servants, or employees, owed a legal duty to the Plaintiffs and are liable and legally responsible for negligence which was a proximate cause of the injuries, damages, and deaths resulting from sale and use of the foam insulation product, in one or more of the following respects, in that:

a) They placed into the market and into the stream of commerce a product that was defective and unreasonably dangerous in that the foam was highly flammable and toxic and could not be safely used for sound-proofing material;

b) They represented to the general public and consumers that said foam insulation was safe for use as sound-proofing material;

17